IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

      v.                                      17-CR-6143

AMIT PANDEY

                     Defendant.

_____

## STATEMENT OF THE GOVERNMENT
## WITH RESPECT TO SENTENCING FACTORS

**PLEASE TAKE NOTICE**, that the government hereby adopts all findings of the Presentence Investigation Report with respect to sentencing factors in this action.

Should the defendant present any letters of support or sentencing statement to the Court, the United States will move to strike the items from the record if this office is not provided with copies at least three business days prior to sentencing.

The defendant is required by 18 U.S.C. § 3013 to pay the sum of $100.00 at the time of sentencing. Immediately after sentencing, the defendant must pay the amount due by personal check, cashier's check or certified funds to the United State District Court Clerk.

It is requested that the Court order that all financial obligations be due immediately. In the event the defendant lacks the ability to immediately pay the financial obligations in full, it is requested that the Court set a schedule for payment of the obligations.

In the event present counsel for the defendant will continue to represent the defendant after sentencing in regard to the collection of unpaid financial obligation(s), it is requested that a letter so advising be sent to:

> Asset Forfeiture/Financial Litigation Unit
> U.S. Attorney's Office--WDNY
> 138 Delaware Avenue
> Buffalo, New York 14202

If a letter is not received within 10 days of sentencing, the defendant will be directly contacted regarding collection of the financial obligation(s).

The government in this case defers to the determination of the Probation department that the enhancement of Guideline 2G1.3(b)(2)(B) does not apply. In view of defendant's immigration status and the fact that he will most likely be deported upon the conclusion of his sentence, the government advocates for a sentence of 87 months, which is at the bottom of the recommended range. This sentence, while significant, is substantially less than the 10 year mandatory minimum that would have resulted had he been convicted of enticement in violation of 18 U.S.C. 2224(b). As laid out in graphic detail in the PSR, the evidence supporting such a conviction is substantial.

The bottom line is that defendant knew he was sexually exploiting a minor. He knew he was 41 years of age, and that she was 16 years old. Despite every opportunity to refrain from taking the path he chose, he cast aside common decency and yielded to his lust. In so doing, he showed his true colors as someone willing to take advantage of the vulnerable and impressionable in order to gratify his sexual desires. His conduct cannot be tolerated or condoned. It warrants a severe punishment.

The government concedes that defendant is unable to pay the additional special assessment of $5,000 contemplated by 18 U.S.C. 3014.

DATED: Rochester, New York,
January 12, 2018

JAMES P. KENNEDY, JR.
United States Attorney
Western District of New York

BY: s/JOHN J. FIELD
Assistant U.S. Attorney
U.S. Attorney's Office
100 State Street, Suite 500
Rochester, New York 14614
Tel.: (585) 263-6760

TO: Steven Slawinski, Esq.
Jessica Rider, U.S.P.O.